

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
~~XXXXXXXXXXX~~
ATTORNEY GENERAL

Honorable Homer Garrison, Jr., Director
Texas Department of Public Safety
Camp Mabry
Austin 9, Texas

Dear Sir:

Opinion No. O-7196
Re: Whether a properly registered
truck and trailer which does not
exceed 96 inches in width, can be
used to have and combine over 108
inches in width without a special
permit and related question.

Your recent opinion request reads as follows:

"Mr. A, the owner of a commercial truck and trailer,
properly licensed in the State of Texas, contracts with
Mr. B, the owner of a thrashing combine which is an im-
plement of husbandry, to transport on this commercial
motor vehicle the said combine from Amarillo, Texas, to
Beeville, Texas, for a stated sum of money for the above
transportation.

"The said truck and trailer are under 96 inches in
width; therefore, legal to move on Texas highways. But
after the said combine is loaded on this commercial
motor vehicle, it is over 108 inches in width at the
widest point; thus, making it an overwidth vehicle under
Texas laws.

"1. Does this truck and trailer, loaded with this
combine, require a special permit from the State Highway
Department to move over Texas State highways?

"2. Thus loaded and moving as a commercial load,
is this an implement of husbandry in so far as traffic
regulations of the State of Texas are concerned?"

Article 6675a-2, V.A.C.S. provides in part as follows:

". . . . Owners of farm tractors, farm trailers,
farm semi-trailers, and <u>implements of husbandry,
operated or moved temporarily upon the highways shall
not be required to register</u> such farm tractors, farm

trailers, farm semi-trailers, or <u>implements of hus-
bandry</u>; . . . . ." (Emphasis ours).

Article 6675a-1, paragraph (r), V.A.C.S. reads as
follows:

"(r)  'Implements of husbandry' shall mean farm
implements, machinery and tools as used in tilling the
soil, but shall not include any passenger car or truck."

Article 6675a-1, paragraph (q), V.A.C.S. provides as
follows:

"(q)  By 'operated or moved temporarily upon the
highways' is meant the operation or conveying between
different farms, and the operation or conveyance from
the owner's farm to the place where his farm produce
is prepared for market or where same is actually
marketed and return."

Article 6675a-8b, V.A.C.S. provides as follows:

"No motor vehicle shall be registered and licensed
which has a total outside width, including any load thereon,
of more than ninety-six (96) inches, except that the width
of a farm tractor shall not exceed nine (9) feet, and ex-
cepting further, that the limitations as to size of vehicle
shall not apply to implements of husbandry, and highway
building and maintenance machinery temporarily propelled
or moved upon the public highway."

Article 6675a-6, V.A.C.S. provides in part as follows:

". . . . The term 'gross weight' as used in this
section shall mean the actual weight of the vehicle fully
equipped with body, and other equipment, as certified by
any Official Public Weigher or any License and Weight
Inspector of the State Highway Department, plus its net
carrying capacity. 'Net carrying capacity' of any vehicle
except a bus, as used in this section, shall be the weight
of the heaviest net load to be carried on the vehicle being
registered; provided said net carrying capacity shall in
no case be less than the manufacturer's rated carrying
capacity. . . . ."

Article 6701a, Section 1, V.A.C.S. provides:

"When any person, firm or corporation shall desire to
operate over a state highway super-heavy or over-size equip-
ment for the transportation of such commodities as cannot

be reasonably dismantled, where the gross weight or size exceeds the limits allowed by law to be transported over a state highway the State Highway Department may, upon application, since a permit for the operation of said equipment with said commodities, when said State Highway Department is of the opinion that the same may be operated without material damage to the highway.  Provided, however, that nothing in this Act shall prevent the full control of such movements or operations on the streets of cities and towns by the ordinances of such municipalities."

After carefully considering the above quoted statutes, as well as the related statutes in reference to registration, we have arrived at the following conclusions:

1.  That the truck and trailer in question can lawfully move upon the highways of this State, and carry any load that does not exceed either the gross weight for which it is registered (and in no event can exceed 48,000 pounds gross weight) or the legal width of 96 inches without a special permit as provided in Article 6701a.

2.  That the Truck and trailer in question cannot lawfully move upon the highways of this State, when its gross weight exceeds the gross weight for which it is registered or the load thereon exceeds 96 inches in width, without a special permit as provided in Article 6701-a.

3.  That a special permit cannot be obtained for said truck and trailer to haul super-heavy or over-size equipment, if such equipment can be reasonably dismantled.

4.  That the truck and trailer loaded with the combine when being transported, as stated in your opinion request, is not an "Implement of husbandry" in that the definition of such phrase, as above set forth, explicitly states that same "shall not include any passenger car or truck".

5.  Even though it were considered an "Implement of husbandry", it could not be transported as stated in your letter without a special permit, in that it would not be "operated or moved temporarily upon the highways", as that phrase is defined in Article 6675a-1.

Your specific questions can therefore be answered numerically as follows:

1.  The truck and trailer, loaded with the combine in question, requires a special permit from the State Highway Department to move over Texas State Highways, in the manner stated in

your letter (if the combine cannot be reasonably dismantled, so as not to exceed either the gross weight or 96 inches in width).

2.  The truck and trailer, loaded with such combine, moving as a commercial load, is not an implement of husbandry in so far as traffic regulations of the State of Texas are concerned.

We trust that we have fully answered your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/W.V. Geppert
W.V. Geppert
Assistant

WVG:MS:wc

APPROVED APR 12, 1946
s/Wm. J. Fanning
(Acting) ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By_s/BWB_Chairman